IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT MERRITT, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-2784 |
| | : | |
| JUDGE KELLY L. BANACH, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**SCHMEHL, J.** /s/ JLS                                                                                      JULY 15, 2019

      *Pro se* Plaintiff Robert Merritt has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 naming as Defendants Judge Kelly L. Banach, Public Defender Earl Supplee, Police Officer Mehmeti Bejtullah, DA Christin F. Murphy Frances, the Allentown Police Department, the County of Lehigh and the State of Pennsylvania. He also filed a Motion for Leave to Proceed *In Forma Pauperis*. For the following reasons, Merritt will be granted leave to proceed *in forma pauperis* and his Complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.    FACTS**

      Merritt's Complaint is brief. He asserts that on December 14, 2018 he was charged by Defendant Police Officer Bejtullah with simple assault and harassment charges. He alleges that Bejtullah was himself charged with the same crimes and removed from his position. Defendants Judge Kelly L. Banach and DA Christin F. Murphy Frances are alleged to have willfully and knowingly refused to dismissed the charges against Merritt or drop the case. Merritt makes no substantive allegations against the remaining Defendants other than to assert in conclusory fashion that all were involved in his case. He seeks damages of $100 million.

A review of public records confirms that Merritt was charged on December 14, 2018 by Defendant Bejtullah with simple assault, harassment and disorderly conduct charges. *See Commonwealth v. Merritt*, No. CP-39-CR-5614-2018 (Lehigh Cty. C.C.P.). Defendant Banach was the judge assigned to the case and Defendant Christine Murphy Francis (incorrectly identified in Merritt's caption as "Christin F. Murphy Frances") was the district attorney assigned to the case. On March 19, 2019, while represented by counsel Merritt entered pleas of nolo contendere to charges of harassment and disorderly conduct and the simple assault charge was withdrawn. He was later sentenced to 90 days probation. On April 4, 2019, Merritt filed a *pro se* notice of appeal that appears to remain pending.

## II. STANDARD OF REVIEW

The Court will grant Merritt leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fee to commence the civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Merritt is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011); *but see Argentina v. Gillette*, No. 19-1348, 2019 WL 2538020, at *1 (3d Cir. June 20, 2019) (holding that "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings").

## II.     DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

The claim raised against Judge Kelly Banach is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)). The allegation that Judge Banach improperly refused to dismissed the charges, even if true, was clearly taken in the Judge's judicial capacity and within her jurisdiction. Accordingly, Judge Banach is absolutely immune and Merritt's claim will be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) because it is legally implausible.

Prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Accordingly, the allegation that Christine Frances Murphy improperly refused to dismiss the charges, even if true, was clearly taken in her prosecutorial capacity in presenting the Commonwealth's case against Merritt and she is absolutely immune. Since Merritt's claim

3

against Frances Murphy is legally implausible, it will be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

The law is settled that criminal defense attorneys, even those employed as public defenders, are not state actors for purposes of § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.") (footnote omitted); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."). Accordingly, the claim against Defendant Supplee, who is identified by Merritt as his public defender even though his name does not appear on the state court docket, must be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a plausible claim since liability is based upon Supplee's alleged actions as a defense attorney.

The only relevant allegation against Police Officer Bejtullah is that he arrested Merritt and was, thereafter, removed from his position. To the extent that this may be read as attempting to state a claim for false arrest under the Fourth Amendment, it is not plausible. A plaintiff must allege facts establishing that he was arrested without probable cause. *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Id.* at 483. The allegation that Bejtullah was himself later arrested does not establish a plausible claim that Merritt's arrest was not supported by probable cause or that it was otherwise unconstitutional.

4

The claims against the Allentown Police Department, presumably asserted because it was Defendant Bejtullah's employer, is also dismissed with prejudice because it is legally implausible. A police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions. *See e.g. Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not. *Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (per curiam) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability" citing *Colburn v. Upper Darby Township*, 838 F.2d 663, 671 n.7 (3d Cir.1988)); *Hadesty v. Rush Twp. Police Dep't*, Civ. A. No. 14-2319, 2016 WL 1039063, at *9 n.4 (M.D. Pa. Mar. 15, 2016).

The claim against the County of Lehigh is also dismissed as implausible. First, Merritt states no substantive allegation against the Defendant. To state a claim against a municipality a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). "Pennsylvania county offices . . . are treated as municipalities for purposes of *Monell*." *Hatfield v. Berube*, 714 F. App'x. 99, 102 n.1 (3d Cir. 2017) (citing *Mulholland v. Gov't Cty. of Berks, Pa.*,706 F.3d 227, 237 (3d Cir. 2013)). Nothing in Merritt's Complaint may be read to invoke municipal liability. Because it appears that Lehigh County was not Allentown Police Officer Bejtullah's employer,

and the Defendants who perhaps were its employees — Judge Banach and DA Murphy Frances — are immune from suit, any attempt to amend the pleadings to state a plausible claim against Lehigh County would be futile and, accordingly, Lehigh County is dismissed with prejudice.

Finally, the claim against the Commonwealth of Pennsylvania is also dismissed with prejudice. The Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). As the Commonwealth has not waived its Eleventh Amendment immunity for lawsuits filed in federal court, *see* 42 Pa. Cons. Stat. § 8521-22, it is immune from suits filed in federal court.

An appropriate Order granting leave to proceed *in forma pauperis* and dismissing the Complaint with prejudice follows.

**BY THE COURT:**


**/s/ Jeffrey L. Schmehl**
**JEFFREY L. SCHMEHL, J.**